

# THE ATTORNEY GENERAL
# OF TEXAS

### JOHN L. HILL
### ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 30, 1973

The Honorable Bruce Gibson
Commissioner, State of Texas
Credit Union Department
900 Congress Avenue
Austin, Texas 78701

Opinion No. H- 94

Re:  Eligibility for membership
      in the Amarillo AFB Credit
      Union

Dear Mr. Gibson:

You request the opinion of this office on whether persons who are members of the Civil Air Patrol have been eligible for membership in the Amarillo Air Force Base Credit Union. The credit union is in liquidation and, as successor, you are considering action against a bonding company for indemnification against financial loss which may have occurred as a result of unauthorized loans.

The Amarillo AFB Credit Union has been chartered under the laws of Texas since 1962. Prior to 1969, the organization operated under the Credit Union Act, set out in Title 46 of Vernon's Texas Civil Statutes as Articles 2461-1 to 2484d. Article 2466, "Bylaws", provides that:

"The bylaws of the credit union shall prescribe:

"3. The conditions of association, residence or occupation which qualify persons for membership. "

In 1969 the existing Credit Union Act was repealed and an entirely new Act substituted in its place by Acts 1969, 61st Leg., p. 540, ch. 186. The controlling law on the field of membership became Article 2461-6, V.T.C.S:

"(a) The membership of a credit union shall be limited to and consist of the subscribers to the

p. 434

> articles of incorporation and such other persons
> having the common bond set forth in the bylaws
> as have been duly admitted members, . . . ."

The Amarillo AFB Credit Union's charter and original bylaws were approved by the Banking Commissioner of Texas on February 19, 1962. The bylaws stated:

> "The field of membership in this Credit Union is
> limited to those having the following common
> bond of association, occupation or residence:
>
> > "Employees of AAFB including, Civil
> > Service graded employees, non-appro-
> > priated Fund Personnel, all permanently
> > assigned Military personnel, . . . ."

This definition governed its field of membership until 1965 when the bylaws were amended and approved to read:

> "The field of membership in this Credit Union is
> limited to those having the following common
> bond of association, occupation or residence:
> Personnel permanently assigned, stationed, or
> residing in the Amarillo metropolitan area who
> are employed and/or paid by any of the following
> instrumentalities: Department of Defense, including
> . . . Civil Air Patrol . . . ." (emphasis added)

The bylaws were again amended and approved in 1968 to define "field of membership" as:

> "Personnel . . . who are employed at Amarillo
> Air Force Base, and/or paid by any of the follow-
> ing instrumentalities . . . Civil Air Patrol . . . ."
> (emphasis added)

This definition remained substantially unchanged after the Amarillo AFB Credit Union was rechartered under the new laws effective in 1969.

These bylaws and their "fields of membership" were approved by the Banking Commission prior to 1969 and afterward by the Credit Union Commission.   In the absence of an abuse of discretion, such approval makes the "common bond" indisputable.   Article 2461-3, V. T. C. S.

Basically, then, your request devolves into a question of whether a member of the Civil Air Patrol, who is not paid by the Patrol, may be classified as one who is "employed and/or paid by" the Civil Air Patrol or as one who is "employed at Amarillo Air Force Base, and/or paid by . . ." the Civil Air Patrol.

The word "employed" does not have a precise meaning.   In one sense "employed" means "used" or "utilized."   Webster's International Dictionary, 3rd Ed.   Normally in construing statutes we are required to give to a word its ordinary meaning.   Article 10, Vernon's Texas Civil Statutes.   Normally when we speak of a person being employed at a particular place, we mean that that is where his job is for which he is paid. A person employed at a particular place would be an employee of someone there.   But even in this sense, employ and employee may have many different meanings depending upon the context in which they are used. See for instance, Statutory Definitions in Articles 5221a-5, 6228g, 8309, § 1, V. T. C. S.   Other definitions may apply where the question is whether a particular actor is an employee or an independent contractor so as to impose liability on another as in Newspapers, Inc. v. Love, 380 S. W. 2d 582 (Tex. 1964).   Under some circumstances a person may bear the relationship of employee to another even though the other is not paying his salary or wages as in the instance of a borrowed servant.   J. A. Robinson Sons, Inc. v. Wigart, 431 S. W. 2d 327 (Tex. 1968).

This interpretation is reinforced by the use of language in the bylaws of Amarillo AFB Credit Union requiring that to be a member, a person be "employed and/or paid", indicating an apparent intention that there might be employment without payment, that is, "employment" in the broader sense we have indicated.

Your question to us involves the added problem of whether in retrospect we can say that those who made the decisions in the past breached their duties and obligations as officers of the credit union by extending membership to persons who were not so occupied at Amarillo AFB or who were not paid by the Civil Air Patrol. It occurs to us that, where language of this sort is used, there will be differences of opinion as to the inclusion of a particular individual. In our opinion, so long as the decision with reference to membership is made in good faith and has some reasonable basis, the person making it should not be subjected to our hindsight as to whether he made the correct decision. On the other hand, if there was no reasonable basis or if there is evidence the decision was not made in good faith, then a different question will be presented. These are matters which we do not have before us.

It is therefore our opinion that whether or not a particular person was entitled to membership in the Amarillo AFB Credit Union should depend upon whether a reasonable person could have determined, under any definition of "employed at" or "employed by", that he was entitled to membership and further that such decision was made in good faith.

## SUMMARY

Where membership in a credit union is to be determined by whether or not a person is "employed at an air force base and/or as a member of the Civil Air Patrol" or similar language, the officers of the credit union are responsible for making a reasonable decision, in good faith, and, having done so, should not be subject to penalty should it appear retrospectively that the decision was wrong.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee